## 54272. LEXINGTON DEVELOPERS, INC. v. O'NEAL CONSTRUCTION COMPANY, INC.

QUILLIAN, Presiding Judge.·

On March 29, 1974, Lexington Developers entered into a contract with O'Neal Construction Company, wherein O'Neal was, inter alia, to perform construction work on Colony Square in Albany, Georgia. Before construction was completed, a fire occurred. In June, 1976, O'Neal brought an action against Lexington in Fulton County. Lexington failed to answer and default judgment was taken. Lexington's motion to open default was denied. On December 8, 1976, on the issue of damages, the jury verdict for O'Neal in the amount of $130,000 was made the judgment of the court. Lexington appealed. This court reversed, holding there was defective service as shown on the face of the pleadings. After motion for rehearing was denied, O'Neal petitioned for certiorari. The Supreme Court has not ruled upon that petition. Meanwhile, on December 3, 1976, five days before verdict and judgment in O'Neal's action against Lexington, Lexington brought this action against O'Neal in the State Court of DeKalb County, based upon the same contract, alleging O'Neal materially breached the contract. O'Neal answered and asserted as one of its defenses, res judicata, based on the former judgment obtained in its action

against the plaintiff. Lexington contended the former judgment was not final as it was on appeal. O'Neal's motion for summary judgment was granted. Lexington appeals. *Held:*

Our Code provides that "[a] judgment of a court of competent jurisdiction shall be conclusive between the same parties . . . as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside." Code § 110-501. This is the codification of res judicata in Georgia. See 50 CJS 11, Judgments, § 592. The issue presented by the facts in the instant case is whether the affirmative defense of res judicata can be asserted in a case when there is a case pending between the same parties on the same contract, in another court of competent jurisdiction.

It is the general rule that a judgment sought to be used as a basis for the application of the doctrine of res judicata must be a final judgment. 46 AmJur2d 626, Judgments, § 457; Annot. 9 ALR2d 984. In Georgia a judgment is suspended when an appeal is entered within the time allowed. Code § 110-303. And the judgment is not final as long as there is a right to appellate review. *Chlupacek v. Chlupacek,* 226 Ga. 520 (3) (175 SE2d 834). As the first trial in the instant case is not final it cannot act as res judicata because res judicata is a bar to subsequent action between the same parties seeking similar relief. *Salter v. Heys,* 207 Ga. 591, 593 (63 SE2d 376); *Walker v. Hamilton,* 210 Ga. 155 (2) (78 SE2d 511).

In addition to the foregoing, this court having reversed the trial court because of lack of proper service, the first court was without jurisdiction. *Swanson v. Holloway,* 128 Ga. App. 453 (197 SE2d 150). Thus, just as the judgment of the first trial court was conclusive until "reversed or set aside" (Code § 110-501), the judgment of this court on appeal is now controlling until "reversed or set aside." The broad rule may be stated as "a review proceeding may be pleaded in abatement of the second action. . ." (1 AmJur2d 52, Abatement, § 15; 1 CJS 61, Abatement and Revival, § 36), for "[t]he cause is pending just as long as it is litigated. . ." *Twilley v. Twilley,* 195 Ga. 297, 299 (24 SE2d 46).

Whether we consider the first judgment as not being final because it is presently pending on appeal, or whether we consider the judgment of the trial court as reversed because of its present status following the decision of this court, the result is the same. The defense of res judicata cannot be sustained in bar of the second suit.

*Judgment reversed. Shulman and Banke, JJ., concur.*

SUBMITTED SEPTEMBER 14, 1977 — DECIDED OCTOBER 7, 1977.

*Richard Feldman,* for appellant.

*Cunningham & Clarke, Brian W. Wertheim, Raymond A. Cunningham,* for appellee.