### 59316. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY v. TROUPE.

DEEN, Chief Judge.

On March 4, 1976, the plaintiff Troupe, a blind 73-year-old former husband of the driver of the car in which he was riding, was involved in an accident as a result of which the operator died. He was examined by one of his firm of family doctors the following day who found bruises and contusions on his arms and chest but did not

hospitalize him. He continued to suffer pain in the chest and stomach and after several telephone conversations returned to the office the following week and again on March 23, was hospitalized, diagnosed as suffering from a bleeding duodenal ulcer and treated, to which treatment he responded satisfactorily. The medical expenses amounted to slightly over $1,100. Troupe eventually brought an action for recovery of his medical expenses under the no-fault provisions of the driver's insurance policy with the appellant, and the jury returned a verdict for the expenses plus penalty, attorney fees and $2,000 punitive damages for refusal to pay the claim. The insurer appeals.

1. As to the basic coverage, the insurer under Code § 56-3402b (c) pays for medical expenses resulting from bodily injury "arising out of the operation . . . of a motor vehicle which is accidental as to the person" claiming benefits provided under Code § 56-3403b (b). It is interesting to note that the words "arising out of" which have so often been construed in workers' compensation cases are the touchstone of liability under no-fault. They are commonly considered as meaning that the designated cause is a contributing proximate cause of the injury: (an accident arises out of the employment when it arises because of it, as when the employment is a contributing proximate cause, *Thornton v. Hartford Acc. &c. Co.,* 198 Ga. 786, 32 SE2d 816, 1945) or where there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the predicate and its subject (here the accident and the injury, rather than the employment and the injury). *General Fire &c. Co. v. Bellflower,* 123 Ga. App. 864 (4) (182 SE2d 678) (1971). The threshold question is whether the operating force bears such a causal connection with the result that the injury would not have occurred without it, regardless of what other concurrent causes also exist, for "a juridical cause need not be the sole cause." *Long Const. Co. v. Ryals,* 102 Ga. App. 66 (2) (115 SE2d 726) (1960). From the evidence the jury were authorized to find that although the plaintiff had some hyperacidity of the stomach he had not suffered from an ulcer until the weeks immediately following a most traumatic accident; that ulcers frequently develop as a result of stress, and that the treatment of the ulcer which followed upon the stress associated with the automobile collision was the immediate cause of the medical bills.

We find no such self-contradiction in the testimony of the plaintiff as to require a different conclusion. He was firm that he had never had an ulcer before the accident, that immediately

afterward the pain and other symptoms associated with a bleeding ulcer (which rectal examination verified) commenced and grew progressively worse until medically alleviated by the ulcer treatment. Pain itself, of course, is not compensable under no-fault, but evidence of pain is admissible with other symptoms to establish that the patient is suffering from the medical cause indicated in the diagnosis. As to such facts, the testimony of the plaintiff may be believed by the jury over that of "a whole college of physicians." *City of Atlanta v. Champe,* 66 Ga. 659, 663 (1881). The evidence was sufficient to establish the liability of the insurer.

2. As to penalty, attorney fees, and punitive damages, however, we fail to find evidence of bad faith on the part of the insurer sufficient to support these awards. Apparently the defendant communicated with one or more of the three doctors used by the plaintiff. Two of them did not indicate any direct contact with the insurer, but the third testified that he had reported to representatives of the Farm Bureau Insurance Company that in his medical opinion the condition for which the plaintiff was hospitalized did not arise out of the automobile accident.

A jury award of damages and attorney fees for bad faith should be affirmed "if there is any evidence to support it unless it can be said as a matter of law that there was a reasonable defense which vindicates the good faith of the insurer." *Colonial Life &c. Ins. Co. v. McClain,* 243 Ga. 263, 265 (253 SE2d 745) (1979). Where a doctor on whose treatment the plaintiff relied informed the defendant of his negative opinion, and so far as the record shows it had no reason not to accept the plaintiff's doctor's statement as the truth, we must say as a matter of law that the defense was reasonable and, in the absence of anything to the contrary, sufficient to vindicate the good faith of the insurer. The judgment is therefore affirmed on condition that the plaintiff write off the punitive damages, penalty and attorney fees; otherwise reversed.

*Judgment affirmed on condition. Birdsong and Sognier, JJ., concur.*

ARGUED JANUARY 14, 1980 — DECIDED MARCH 21, 1980.

*Glenn Whitley,* for appellant.
*Kenneth R. Hilyer,* for appellee.