## 67165. GREENE v. TRANSPORT INSURANCE COMPANY.

SHULMAN, Presiding Judge.

Appellant, an employee of Motor Convoy, Inc., filed suit against appellee, which is Motor Convoy's insurer for both workers' compensation coverage and motor vehicle coverage. In his complaint, appellant alleged that he had suffered a ruptured disc while using a motor vehicle owned by his employer and insured by appellee, and that appellee had refused to pay the personal injury protection benefits he sought. In its defense, appellee raised the doctrine of collateral estoppel and, subsequently, summary judgment based on this doctrine was granted to appellee. Appellant now argues that application of that doctrine was improper and untimely.

Appellee attached to its motion for summary judgment certified copies of the awards of the administrative law judge and the State Board of Workers' Compensation in the workers' compensation claim appellant filed based on the incident which allegedly resulted in appellant's ruptured disc. In an award affirmed by the full board, the ALJ denied appellant's claim for benefits, finding that "[t]he evidence shows as a matter of fact that the claimant had a cervical disc disease and the claimant has not carried the burden of proof to show that he had an accident and injury which arose in and out of the course of his employment . . ." The ALJ continued, stating that "the claimant's overweight and day-to-day activities contributed to his ultimate necessity to have an operation just as much or more than his work activities . . ." After perusing the findings and conclusions of the ALJ and the full board, the trial court granted summary judgment to appellee after it had determined that "the issues raised in the case at bar are the exact issues plaintiff raised in the workers' compensation case . . . [and] the parties to the instant case were also parties to the workers' compensation proceedings."

1. Under a plea of estoppel by judgment, sometimes referred to as "collateral estoppel" or as "estoppel by verdict," "the former adjudication is a bar if the *same issues* were litigated by the parties or their privies in the previous action, though it is not essential that it be upon the same cause of action. [Cits.]" *Smith v. Wood,* 115 Ga. App. 265 (1) (154 SE2d 646). "[T]he doctrines of res judicata and estoppel

by judgment are applicable to awards of the State Board of [Workers'] Compensation on all questions of fact in matters in which it has jurisdiction." *Woods v. Delta Air Lines,* 237 Ga. 332 (227 SE2d 376).

Appellant does not take issue with the identity of the parties. In his first enumerated error, appellant contends that the trial court erred when it applied the estoppel defense because the workers' compensation proceedings did not conclude with a finding that appellant's disc condition existed prior to the alleged injury. However, that is not the real question; rather, it must be determined that the issue litigated in the workers' compensation proceeding was identical to that in the insurance case. Otherwise, collateral estoppel is inappropriate. *Smith v. Wood,* supra. After a review of the record, we agree with the trial court's assessment: the issue before the court in the insurance case was previously decided against appellant in the workers' compensation case.

Under the workers' compensation statute, the ALJ must determine whether the employee suffered a compensable injury, an injury "by accident arising out of and in the course of the employment . . ." OCGA § 34-9-1 (4) (Code Ann. § 114-101). If one suffers "bodily injury . . . arising out of the operation, maintenance or use of a motor vehicle which is accidental . . .," he is entitled to basic no-fault benefits under the Georgia Motor Vehicle Accident Reparations Act. OCGA § 33-34-2 (1) (Code Ann. § 56-3402b). "It is interesting to note that the words 'arising out of' which have so often been construed in workers' compensation cases are the touchstone of liability under no-fault. They are commonly considered as meaning that the designated cause is a contributing proximate cause of the injury . . . or where there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the predicate and its subject . . . The threshold question is whether the operating force bears such a causal connection with the result that the injury would not have occurred without it, regardless of what other concurrent causes also exist . . ." *Ga. Farm &c. Ins. Co. v. Troupe,* 154 Ga. App. 108 (1) (267 SE2d 834). Thus, the same question is presented in both the workers' compensation case and the personal injury no-fault case. Inasmuch as the question of fact had been answered by a court of competent jurisdiction, the doctrine of estoppel by judgment was applicable to the award of the State Board of Workers' Compensation. *Woods v. Delta Air Lines,* supra; *Mimms v. Sisk Decorating Co.,* 156 Ga. App. 572 (2) (275 SE2d 148).

2. Appellant argues that the trial court did not have available sufficient evidence from which it could determine that the findings of the ALJ were supported by the evidence. However, the trial court was

not reviewing the decision of the ALJ; instead, it was attempting to determine whether identical issues had been presented to different courts. There was no need for a complete review of the workers' compensation case before applying the doctrine of collateral estoppel.

3. There is, however, a problem with the application of the doctrine in this case. In the order granting summary judgment to appellee, the trial court noted that an appeal had been filed in superior court from the decision of the State Board of Workers' Compensation. Reasoning that review of the workers' compensation case would be very limited, the trial court ruled that the award "must be considered conclusive for estoppel of judgment purposes." We cannot agree.

"It is the general rule that a judgment sought to be used as a basis for the application of the doctrine of res judicata [or collateral estoppel] must be a final judgment. [Cit.] In Georgia a judgment is suspended when an appeal is entered within the time allowed. [Cit.] And the judgment is not final as long as there is a right to appellate review. [Cit.]" *Lexington Developers v. O'Neal Constr. Co.,* 143 Ga. App. 440, 441 (238 SE2d 770). Since the judgment of the State Board of Workers' Compensation was pending appeal, the defense of collateral estoppel could not be sustained (*Montgomery v. DeKalb Steel,* 144 Ga. App. 191 (1B) (240 SE2d 741)), and it was error for the trial court to enter judgment based on that doctrine. While we agree with appellee's argument that review of workers' compensation claims is limited, the fact is that there is an appellate procedure to be followed. As long as there remains the possibility that a decision might be overturned by a higher court, the doctrine of collateral estoppel cannot be used to terminate a subsequent separate proceeding. We note further that we are not authorized to take judicial notice of the appellate progress of the workers' compensation case, since " 'neither the trial court nor this court can judicially know the record and decision in another case even in the same court.' [Cit.]" *Intl. Indem. Co. v. Blakey,* 161 Ga. App. 99 (2) (289 SE2d 303).

*Judgment reversed. McMurray, C. J., and Birdsong, J., concur.*

DECIDED JANUARY 13, 1984.

*Robert H. McDonnell,* for appellant.
*Michael T. Thornton,* for appellee.