Annie THOMAS, et al., Plaintiffs,

v.

Alonzo C. BROWN, Sr., et al.,
Defendants.

Civ. A. No. 1:88–cv–790–MHS.

United States District Court,
N.D. Georgia,
Atlanta Division.

March 13, 1989.

## ORDER

SHOOB, District Judge.

Plaintiffs have brought an action under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq.* Previously, plaintiff Annie Thomas ("Thomas") had successfully brought suit in the Superior Court of DeKalb County on numerous grounds, including unfair and deceptive trade practices, fraud and violation of O.C.G.A. § 16–14–1 et seq., the Georgia RICO statute, against defendants Alonzo Brown Sr. and Jr. and Gladys Brown ("the Brown defendants" or "the Browns") but not against defendant Kneller. Thomas had sought to amend that complaint to allege claims under the Federal RICO statute, but voluntarily dismissed that claim. The state court judgment is now on appeal. The Brown defendants have moved for summary judgment in this Court, arguing that the decision is *res judicata* as to Annie Thomas' claims against them. For the following reasons, that motion will be denied with leave to renew. Defendant Kneller's motion to amend his answer will be granted in part and denied in part.

### Res Judicata

In order to apply the doctrine of *res judicata,* the Court must find that there has been a final judgment on the merits rendered by a court of competent jurisdiction, that the parties were identical in both suits and that the same cause of action was involved in both cases. *Hart v. Yamaha–Parts Distributors, Inc.,* 787 F.2d 1468, 1470 (11th Cir.1986). Under the doctrine of *res judicata,* a party is precluded from re-litigating not only "the precise legal theory presented in the previous litigation, but ... all legal theories and claims arising out of the same operative nucleus of fact." *Olmstead v. Amoco Oil Co.,* 725 F.2d 627, 632 (11th Cir.1984) (citations omitted).

The parties do not argue that the parties in both suits are different, although any decision necessarily will be limited to those parties who were actually involved in the previous suit. They do not contend that the state court was not a court of competent jurisdiction. They do not even address

Jeffrey L. Sakas, Sakas & Horne, Robert S. Whitelaw, Office of Robert S. Whitelaw, Atlanta, Ga., for plaintiffs.

William J. McKenney, David Mark Kupsky, McKenney & Froelich, Karen Barris Bragman, Jeffrey Michael Smith, Arnall Golden & Gregory, Atlanta, Ga., for defendants.

the issue of whether the two cases involve the same cause of action. All that is disputed (vehemently) is whether the state court decision is final since it is on appeal.

■ Defendants make a valiant, though misguided, effort to convince the Court that federal law should be used to determine whether *res judicata* should be applied in this case. But the Supreme Court has clearly stated that "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City School District Board of Education,* 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984).

■ In Georgia, O.C.G.A. § 9–12–40 sets out when *res judicata* should be applied:

A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside.

Although it appears clear from reading the statute that *res judicata* should be applied even if a judgment is on appeal, the Georgia Courts have held differently.

In *Lexington Developers, Inc. v. O'Neal Construction Co., Inc.,* 143 Ga.App. 440, 238 S.E.2d 770 (1977), the Georgia Court of Appeals unequivocally stated that, "[i]n Georgia a judgment is suspended when an appeal is entered within the time allowed.... And the judgment is not final as long as there is a right to appellate review." 143 Ga.App. at 441, 238 S.E.2d 770 (citations omitted) (denying the application of *res judicata* to a subsequent state court action when the first judgment was still on appeal). *See also, Greene v. Transport Insurance Co.,* 169 Ga.App. 504, 313 S.E.2d 761 (1984) (applying the same rule to collateral estoppel).

In support of their argument defendants cite *Lee v. Criterion Insurance Co.,* 659 F.Supp. 813 (S.D.Ga.1987) for the proposition that federal courts should apply the federal rule of *res judicata* and therefore should apply it even if an appeal is pending. That decision is not binding on this Court. Also, the reasoning in that decision is not persuasive because it does not address the holding in *Migra,* which clearly holds the opposite.

Therefore, summary judgment must be denied at this time. If the Georgia courts decide the appeal while this case is still pending, defendants may renew their motion.

*Motion to Amend*

Defendant Kneller has moved to amend his answer to add affirmative defenses and to bring a counterclaim under *Yost v. Torok,* 256 Ga. 92, 344 S.E.2d 414 (1986), and O.C.G.A. § 9–15–14. The affirmative defenses will be allowed; the counterclaim will not.

■ District courts have only limited discretion to deny a party leave to amend the pleadings. *Espey v. Wainwright,* 734 F.2d 748 (11th Cir.1984); *Dussouy v. Gulf Coast Investment Corp.,* 660 F.2d 594 (5th Cir. 1981). Thus, the Court is constrained to allow plaintiff leave to amend unless there is substantial countervailing reason. *Id.* Factors to be considered include "undue delays, bad faith or dilatory motive on the part of the movant, ... [and] futility of the amendment." *Best Canvas Products & Supplies, Inc. v. Ploof Truck Lines, Inc.,* 713 F.2d 618, 622 (11th Cir.1983). Defendant will be allowed to amend and supplement his answer by adding affirmative defenses. But in this case, allowing Kneller to add a counterclaim for abusive litigation under *Yost* and O.C.G.A. § 9–15–14 would be futile, because the Court has determined that neither claim is permissible in federal court.

■ Although the Court has not yet formally addressed the issue of whether these claims are allowed in federal court, it must agree with Judge Hall that they are not. In *Union Carbide Corporation v. Tarancon Corporation,* 682 F.Supp. 535 (N.D. Ga.1988), Judge Hall explained that O.C.G. A. § 9–15–14 states that it pertains only to actions brought "in any court of record of

this state." The language of the statute makes it clear that the statute was not intended to provide for claims in federal courts. *Union Carbide*, 682 F.Supp. at 544.

Judge Hall went on to address the propriety of *Yost* claims, stating that, even if defendants could meet the requirements for bringing a permissive counterclaim, as the claim has been labeled in federal court, it would still not be proper because abusive litigation is a procedural claim rather than a substantive one. *Id.* Kneller has not alleged that his counterclaim meets the jurisdictional requirements to bring a permissive counterclaim. Even if he had, the Court agrees that Rule 11, Fed.R.Civ.P., provides adequate safeguards against just the abuses *Yost* attempts to protect against. Therefore, the Court will not entertain *Yost* claims or claims under O.C. G.A. § 9–15–14.

The Brown defendants' motion for summary judgment is DENIED WITH LEAVE TO RENEW; their request for sanctions is also DENIED. Defendant Kneller's motion to amend his answer is GRANTED IN PART AND DENIED IN PART.

IT IS SO ORDERED.