S90A0706. MAYOR & ALDERMEN OF THE CITY OF
FORSYTH et al. v. MONROE COUNTY.
(392 SE2d 865)

FLETCHER, Justice.

This appeal arises in an action for an injunction and declaratory relief Monroe County, Georgia, brought against the City of Forsyth and Diamond Waste, Inc. The Superior Court of Monroe County entered an order granting temporary injunctive relief to Monroe County after finding OCGA § 36-1-16 constitutional. The City appeals this latter issue. We reverse and remand.

This action arose after the County determined it would not permit the acceptance of waste from outside the county for disposal at the City-owned sanitary landfill located outside the corporate limits. The basis for the County's authority was its interpretation of OCGA § 36-1-16, which states that

[n]o person, firm, corporation, or employee of any municipality shall transport . . . garbage, waste, or refuse across state or county boundaries for the purpose of dumping the same

at a publicly or privately owned dump, unless permission is first obtained from the governing authority of the county in which the dump is located. . . .

The City and Diamond Waste contend this statute is unconstitutional in that it violates the Commerce Clause, U. S. Const., Art. I, § 8, Cl. 3, and the due process guarantees of the federal and state constitutions.

On the same day the County filed this action, Diamond Waste filed for an injunction in the U. S. District Court for the Middle District of Georgia. Three months after the superior court entered its order from which this appeal arises, the federal court entered a final judgment granting the injunction after holding that OCGA § 36-1-16 violated the Commerce Clause. The County has filed an appeal from that judgment, which is pending in the Eleventh Circuit. Thus, the issue for decision concerns the application of estoppel by judgment to the instant appeal.

The procedural posture of this case is almost the exact reverse of that presented in *Thomas v. Brown*, 708 FSupp. 336 (N.D. Ga. 1989). In *Thomas*, the federal court determined that the doctrine of *res judicata* did not apply to the action before it because a prior superior court judgment that had a potential res judicata effect was on appeal, thus suspending that judgment. Id. at 338 (citing *Lexington Developers v. O'Neal Constr. Co.*, 143 Ga. App. 440, 441 (238 SE2d 770) (1977)); see OCGA § 9-12-19. In the instant appeal, therefore, estoppel by judgment did not bar the federal court from entering its own order concerning the constitutionality of the statute. Estoppel by judgment does, however, preclude our consideration of the statute and requires a reversal of the superior court because judgments from a federal court remain binding during the pendency of an appeal and are not suspended. *Lee v. Criterion Ins. Co.*, 659 FSupp. 813, 820 (S.D. Ga. 1987); 1B J. Moore, J. Lucas & T. Currier, Moore's Federal Practice, Par. 0.416 [3] (2d ed. 1988).[1] Thus, we do not reach the substantive issues appellant has raised.

*Judgment reversed and remanded. All the Justices concur. Weltner, J., disqualified.*

DECIDED JULY 5, 1990.

*Smith, Hawkins, Almand & Hollingsworth, L. Robert Lovett,*

---

[1] Of course, although the district court's decision and any Eleventh Circuit decision would be binding on the *parties*, this Court is not bound through the operation of the Supremacy Clause, U. S. Const., Art. VI, Cl. 2, to follow these federal courts in a subsequent challenge to this state statute. See *Moore v. Sims*, 442 U. S. 415, 428 (99 SC 2371, 60 LE2d 994) (1979).

*Crumbley & Crumbley, R. Alex Crumbley, C. Robert Melton,* for appellants.

*Mills, Freeman, Vaughn & Sosebee, W. Franklin Freeman, Jr., James A. Vaughn,* for appellee.

*Walter E. Sumner, James F. Grubiak,* amici curiae.