## A04A0696. CS-LAKEVIEW AT GWINNETT, INC. v. RETAIL DEVELOPMENT PARTNERS et al.
(602 SE2d 140)

ADAMS, Judge.

In this ongoing litigation involving a right of first refusal to purchase certain property, the trial court granted a defendant's emergency motion to cancel notice of lis pendens on the property. The

plaintiff now appeals. The appeal raises questions regarding the preclusive effect of a prior federal court judgment arising out of the same facts and transactions.

On November 2, 1995, CS-Lakeview At Gwinnett, Inc. ("CS-Lakeview") entered into an agreement with certain entities including Melvin Simon & Associates, Inc., and certain Simon-related entities, namely Si-Lake, Inc., and Si-Lake Associates, L.P. One provision of the agreement granted CS-Lakeview a right of first refusal to purchase approximately 136 acres of property (the "Gwinnett Property"), then owned by Lakeview at Gwinnett Associates, L.P. ("LAGA") and controlled by Simon-related entities. On June 15, 2001, following an unresolved dispute between the parties regarding whether CS-Lakeview had been properly offered the right of first refusal, LAGA sold the Gwinnett Property to Retail Development Partners, LLC ("RDP").

On December 31, 2001, CS-Lakeview brought suit, based on diversity jurisdiction, against RDP, LAGA, Melvin Simon & Associates, Inc., and several other Simon-related entities in the United States District Court for the Northern District of Georgia.[1] With regard to RDP, CS-Lakeview alleged that RDP tortiously interfered with CS-Lakeview's right of first refusal, and, among other remedies, it sought to set aside the sale of the Gwinnett Property. With regard to the Simon-related entities, CS-Lakeview alleged breach of the agreement containing the right of first refusal, and again it sought to set aside the sale. On January 2, 2002, CS-Lakeview filed a notice of lis pendens on the Gwinnett Property pursuant to OCGA § 44-14-610, concerning the federal action, in the Superior Court of Gwinnett County. But in response to a motion to dismiss for lack of diversity jurisdiction, CS-Lakeview dismissed all defendants except RDP,[2] and it later amended the notice of lis pendens to indicate that RDP was the sole defendant.[3] The Simon-related entities admit that they lacked diversity with CS-Lakeview; in fact they sought sanctions in the federal action for, in their words, CS-Lakeview's "patently deficient jurisdictional allegations."

On March 1, 2002, CS-Lakeview brought essentially the same claims against the Simon-related entities in the Superior Court of

---

[1] The complete list of Simon-related defendants is Simon Property Group, Inc.; Simon Property Group, L.P.; Melvin Simon & Associates, Inc.; Si-Lake, Inc.; SC-Lakeview at Gwinnett Associates, L.P.; Lakeview at Gwinnett Associates, L.P.

[2] Unless otherwise stated in the notice of dismissal or stipulation, a plaintiff's first dismissal under Rule 41 (a) (1) of the Federal Rules of Civil Procedure is without prejudice.

[3] CS-Lakeview later claimed that it amended its request for relief from RDP and that it did not seek to set aside the sale to RDP, but rather it sought an equitable right to purchase the property from RDP.

Gwinnett County that it had brought in the federal action, but it initially sought no equitable relief. The parties all agree that the state court action arose from the same transactions which gave rise to the federal action. CS-Lakeview later successfully added several parties including RDP to the state court action, and, on November 12, 2002, in its Second Amended Complaint, CS-Lakeview added a claim, among others, of fraudulent conveyance and indicated that it sought to set aside the deed transferring the Gwinnett Property to RDP. In conjunction with that filing, it filed a notice of lis pendens on the Gwinnett Property concerning the state court action.

In July 2003, the District Court granted summary judgment in favor of RDP in the federal action for the following reasons: (1) under applicable law (Delaware) a right of first refusal exercisable "at any time" violates the Rule Against Perpetuities and is void; and (2) alternatively, CS-Lakeview proffered no evidence to show that RDP induced LAGA (or the other Simon-related entities) to breach the right of first refusal agreement, nor did it show that RDP was a stranger to that agreement.[4] The District Court also concluded that because a legal remedy was the appropriate relief for the claims that CS-Lakeview made against RDP, CS-Lakeview was not entitled to pursue equitable remedies, such as seeking to set aside the deed. The District Court entered judgment against CS-Lakeview and in favor of RDP and dismissed the action. CS-Lakeview has appealed to the Eleventh Circuit Court of Appeals, and, according to the briefs, the appeal is still pending.

In the state court, RDP then filed an emergency motion to cancel the original and amended lis pendens concerning the federal action and the lis pendens concerning the state court action. The lower court granted the motion. The court held: (1) federal judgments are not suspended during an appeal for the purposes of res judicata and collateral estoppel; (2) the parties had agreed that the District Court's order was dispositive of all of CS-Lakeview's claims against RDP in the state court; and (3) therefore, the basis for the notice of lis pendens had "disappeared." The court also held that CS-Lakeview's claims against RDP were barred by the res judicata effect of the judgment of the District Court. Accordingly, the court ordered that the notice of lis pendens concerning the state court be cancelled of record. The order does not mention the lis pendens filed in connection with the federal action.

1. Choice of Law. The first question raised is what law controls the claims-preclusive effect of a judgment rendered by a federal court

---

[4] The District Court was not required to determine whether LAGA or the Simon-related entities breached the right of first refusal.

sitting in diversity. The United States Supreme Court recently answered this question in *Semtek Intl. v. Lockheed Martin Corp.*, 531 U. S. 497 (121 SC 1021, 149 LE2d 32) (2001). In that case, the Court was faced with a federal judgment dismissing a diversity action on statute-of-limitation grounds. Id. at 499.

First the Supreme Court made clear that "federal common law governs the claim-preclusive effect of a dismissal[/judgment] by a federal court sitting in diversity." *Semtek*, 531 U. S. at 508. But the Court then proclaimed, as a matter of federal common law, that because state rather than federal substantive law is at issue in a diversity action, there is no need for a uniform federal rule of claim-preclusion in this setting. Id. at 508. Rather, "nationwide uniformity in the substance of the matter is better served by having the same claim-preclusive rule (the state rule) apply whether the dismissal has been ordered by a state or a federal court." Id. Accordingly the Court announced that the federally prescribed rule would be that the claims-preclusive effect of a federal court sitting in diversity is governed by "the law that would be applied by state courts in the State in which the federal diversity court sits." Id.[5] The only exception noted by the Court is that state law will not apply "in situations in which the state law is incompatible with federal interests." Id. at 509. Under *Semtek*, therefore, we would look to the law of Georgia, the state in which the District Court of the Northern District of Georgia sits, to determine the claims-preclusive effect of the prior federal judgment.

2. Under Georgia law, the fact that a prior court judgment has been appealed suspends the operation of any preclusive effect pending the appeal:

> "It is the general rule that a judgment sought to be used as a basis for the application of the doctrine of res judicata (or collateral estoppel) must be a final judgment. In Georgia a judgment is suspended when an appeal is entered within the time allowed. And the judgment is not final as long as there is a right to appellate review."

(Citations omitted.) *Greene v. Transport Ins. Co.*, 169 Ga. App. 504, 506 (313 SE2d 761) (1984). See also OCGA § 9-12-20.

The trial court followed Georgia case law pre-dating *Semtek* that applies the federal common law rule to determine the preclusive

---

[5] Compare *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U. S. 373, 380 (III) (105 SC 1327, 84 LE2d 274) (1985) (federal courts determining the preclusive effect of a state court judgment in a subsequent federal lawsuit must refer to the preclusion law of the state in which the judgment was rendered).

effect of federal judgments on appeal. Under that rule, judgments of a federal court "remain binding during the pendency of an appeal and are not suspended. *Lee v. Criterion Ins. Co.*, 659 FSupp. 813, 820 (S.D. Ga. 1987); [cit.]" *Mayor and Aldermen of City of Forsyth v. Monroe County*, 260 Ga. 296, 297 (392 SE2d 865) (1990). See also 18A Wright, Miller & Cooper, Federal Practice and Procedure § 4433. But in *Semtek*, the United States Supreme Court established that it, and it alone, "has the last word on the claim-preclusive effect of *all* federal judgments. . . ." (Emphasis in original.) *Semtek*, 531 U. S. at 507. It follows that we are bound to follow the rule announced in *Semtek*.

We find that in this case, the state law applied here is compatible with federal interests. First, in *Semtek*, the Supreme Court made clear that one reason that state law should be applied in this setting is to avoid forum shopping and inequitable administration of the laws that would result if "filing in, or removing to, federal court would be encouraged by the divergent effects that the litigants would anticipate from likely grounds of dismissal." Id. at 508. Such forum shopping could occur here by an out-of-state plaintiff who sought to quickly establish a claim-precluding judgment in Georgia. Second, the example given by the Supreme Court of a situation incompatible with federal interests does not suggest that we have such a case here. The Court stated, "If, for example, state law did not accord claim-preclusive effect to dismissals for willful violation of discovery orders, federal courts' interest in the integrity of their own processes might justify a contrary federal rule." Id. at 509. We fail to see how the rule at issue here — whether a judgment has preclusive effect pending appeal — could affect the integrity of these federal court processes.[6] In fact, it would seem that our ruling supports the policies underlying *Semtek* in that all judgments obtained in Georgia based on state substantive law, whether obtained in federal or state court, would have the same claim-preclusive effect on any subsequent actions wherever filed.

The trial court's decision to cancel the lis pendens on the Gwinnett Property was based on the conclusion that the federal court judgment had claim-preclusive effect even though it is currently on appeal. Application of *Semtek*, therefore, requires that we reverse the trial court's decision.

*Judgment reversed. Ruffin, P. J., and Eldridge, J., concur.*

---

[6] Although some federal cases have continued, after *Semtek*, to apply the federal common law rule regarding the effect of an appeal on the preclusive effect of a judgment, none that we have found directly addresses the question of whether *Semtek* requires a different result. See, e.g., *Bui v. IBP, Inc.*, 205 FSupp.2d 1181 (D. Kan. 2002).

DECIDED JUNE 28, 2004 —
RECONSIDERATION DENIED JULY 14, 2004 — 

*Mayfield, Commander & Pound, William S. Mayfield, Constance E. Rodts*, for appellant.

*Andersen, Tate, Mahaffey & McGarity, Thomas T. Tate, Elizabeth Clack-Freeman, Morris, Manning & Martin, Donald A. Loft, Manning & Associates, John F. Manning*, for appellees.