[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 25, 2010
JOHN LEY
CLERK

No. 09-13328
Non-Argument Calendar

_____

D. C. Docket No. 09-00422-CV-WBH-1

GRAMS B. OSBORNE,

Plaintiff-Appellant,

versus

CITY OF MARIETTA, GEORGIA,
COBB COUNTY, GEORGIA,
JOHN DOE,
individually, jointly and severally
a.k.a. General Insurance Liability, Policy #1
a.k.a. General Insurance Liability, Policy #2
STATE OF GEORGIA,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(May 25, 2010)

Before DUBINA, Chief Judge, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Grams B. Osborne appeals *pro se* the district court's grant of the defendants' motion for summary judgment as to his complaint, filed pursuant to 42 U.S.C. § 1983 (2006). The district court dismissed Part 2 of his complaint for failure to state a claim on which relief could be granted. The district court granted summary judgment as to Part 1 of his complaint on the basis of res judicata because the Superior Court of Cobb County had previously issued a judgment in Osborne's materially identical state action. Osborne argues that the district court's decision violated his constitutional rights and must be reversed because the district court lacked jurisdiction to enter the order granting summary judgment because the order in his state court proceeding was not yet final.

"Barring a claim on the basis of res judicata is a determination of law that we review de novo." *Kizzire v. Baptist Health Sys., Inc.*, 441 F.3d 1306, 1308 (11th Cir. 2006) (internal quotation marks omitted). When we are "asked to give *res judicata* effect to a state court judgment, we must apply the *res judicata* principles of the law of the state whose decision is set up as a bar to further litigation." *Id.* (internal quotation marks and alteration omitted).

Under Georgia law, "[t]he doctrine of *res judicata* prevents the re-litigation

2

of all claims which have already been adjudicated . . . between identical parties or their privies in identical causes of action." *Waldroup v. Greene County Hosp. Auth.*, 463 S.E.2d 5, 6 (Ga. 1995). Res judicata applies when a claim involves (1) the same the cause of action, (2) the same parties or their privies, and (3) a previous adjudication on the merits by a court of competent. *Id.* at 7; Ga. Code Ann. § 9-12-40 (2006). It is, however "the general rule that a judgment sought to be used as a basis for the application of the doctrine of res judicata must be a final judgment. In Georgia a judgment is suspended when an appeal is entered within the time allowed. And the judgment is not final as long as there is a right to appellate review." *Greene v. Transp. Ins. Co.*, 313 S.E.2d 761, 763 (Ga. Ct. App. 1984) (internal quotation marks and alterations omitted).

We affirm the district court's dismissal of Part 2 of Osborne's complaint because he abandoned the issue on appeal by not addressing it in his initial brief. *See Rioux v. City of Atlanta, Ga.*, 520 F.3d 1269, 1274 n.4 (11th Cir. 2008) (noting that issues not argued on appeal are deemed waived). The district court erred, however, in granting the City of Marietta's motion for summary judgment as to Part 1 of Osborne's complaint on res judicata grounds because the judgment by the Cobb County Superior Court in Osborne's state action was not yet final under Georgia law. Accordingly, we vacate the district court's grant of summary

3

judgment and remand this case to the district court. We suggest that the district court stay the proceedings until Osborne's state suit is final under Georgia law.

**AFFIRMED IN PART, VACATED IN PART AND REMANDED.**