[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-13528
Non-Argument Calendar

_____

D.C. Docket No. 1:13-cv-00048-RLV

CARLOS CLEMONS,

Plaintiff-Appellant,

versus

DELTA AIR LINES INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(September 3, 2015)

Before JORDAN, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Carlos Clemons appeals the district court's grant of summary judgment in favor of his former employer, Delta Air Lines, Inc. ("Delta"), in his suit alleging gender discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964.  Clemons's suit arose from events surrounding his termination after the mishandling of a passenger's lost purse in the airport where he worked, after he filed a complaint with the Equal Employment Opportunity Commission ("EEOC") concerning the purse incident, and after he allegedly made complaints about gender discrimination to supervisors four months prior to his termination.  Prior to the granting of summary judgment, Clemons moved to amend his complaint to add a claim for age discrimination under the Age Discrimination in Employment Act ("ADEA") after the deadline for such motions had passed.  A magistrate judge denied his request to amend his complaint.[1]  Clemons did not object to the magistrate judge's order denying his motion to amend.

On appeal, Clemons asserts that the magistrate judge erred in denying his request to add a claim under the ADEA because good cause existed to allow him to amend his complaint, amendment was not pursued in bad faith, and amendment would not have caused undue delay or prejudice to Delta.  He asserts that the district court erred in granting summary judgment in favor of Delta as to his gender

---

[1] Clemons also sought, without success, to add two former Delta employees as plaintiffs to assert claims under the ADEA.  Because Clemons does not challenge that decision on appeal, any issue in this respect is abandoned.  *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, (11th Cir. 2014) (stating that if a party fails to raise an issue on appeal, it is deemed abandoned).

2

discrimination claim because he provided evidence of similarly-situated female employees who were treated more favorably, he provided considerable circumstantial evidence of Delta's discriminatory intent, and he provided sufficient evidence that Delta's proffered reason for his termination was a pretext for gender discrimination. Finally, he asserts that the district court erred in granting summary judgment in favor of Delta as to his retaliation claim because it was undisputed that he met the first two elements of a Title VII retaliation claim and he provided sufficient evident to create a triable issue that there was a causal link between his protected expression and adverse action. We affirm, discussing each issue in turn.

## I.

The magistrate judge denied Clemons's motion to amend his complaint. According to Federal Rule of Civil Procedure Rule 72(a), "[a] party may serve and file objections to [a magistrate judge's] order within 14 days after being served with a copy," but "[a] party may not assign as error a defect in the order not timely objected to." Fed.R.Civ.P. 72(a). We have read Rule 72 to mean that, "where a party fails to timely challenge a magistrate's nondispositive order before the district court, the party waived his right to appeal those orders [on appeal]." *Smith v. Sch. Bd. of Orange Cnty.*, 487 F.3d 1361, 1365 (11th Cir. 2007); *see also* 11th Cir. R. 3-1. Clemons failed to object to the magistrate judge's order, so quite simply, he has waived his right to appeal the denial of leave to amend. Moreover,

3

the magistrate judge properly concluded that Clemons was not diligent in pursuing an age claim because he had knowledge of the relevant facts prior to the deadline for amending pleadings.

## II.

We review the district court's grant or denial of summary judgment *de novo*. *Moton v. Cowart*, 631 F.3d 1337, 1341 (11th Cir. 2011).  In doing so, we draw all inferences and review all of the evidence in the light most favorable to the non-moving party.  *Id.*  "[I]f the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," then summary judgment is appropriate.  *Id.*  To survive a motion for summary judgment, the nonmoving party must offer more than a mere *scintilla* of evidence for his position; rather, the nonmoving party must make a showing that is sufficient to allow a jury to reasonably find on his behalf.  *Brooks v. Cnty. Comm'n of Jefferson Cnty., Ala.*, 446 F.3d 1160, 1162 (11th Cir. 2006).

Title VII of the Civil Rights Act of 1964 prohibits an employer from discharging any individual, or otherwise discriminating against any individual with respect to the individual's compensation, terms, conditions, or privileges of employment because of the individual's sex.  42 U.S.C. § 2000e-2(a)(1).  A plaintiff alleging a violation under Title VII bears the burden of proving that an

4

employer illegally discriminated against him.  *Hinson v. Clinch Cnty. Bd. of Educ.*, 231 F.3d 821, 827 (11th Cir. 2000).

Where, as here, an employee attempts to prove discriminatory intent by circumstantial evidence, the claims may be subject to the methods of proof set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817 (1973). *Crawford v. Carroll*, 529 F.3d 961, 975-76 (11th Cir. 2008).  Under *McDonnell Douglas*, a plaintiff must make a requisite showing of a *prima facie* case, the employer must then articulate a legitimate, nondiscriminatory reason for its actions, and then the plaintiff must offer evidence that the alleged reasons of the employer are pretext for illegal discrimination.  *McDonnell Douglas*, 411 U.S. at 802-04, 93 S.Ct. at 1824-25.  "[A] reason cannot . . . be a pretext *for discrimination* unless it is shown *both* that the reason was false, *and* that discrimination was the real reason."  *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515, 113 S.Ct. 2742, 2752 (1993) (quotations omitted) (emphasis in original).

Where an employer's proffered reason for termination is the violation of a workplace rule, a plaintiff may seek to prove pretext by submitting evidence that he "did not violate the cited work rule, or . . . if []he did violate the rule, other employees outside the protected class, who engaged in similar acts, were not similarly treated."  *Damon v. Fleming Supermarkets of Fla., Inc.*, 196 F.3d 1354, 1363 (11th Cir. 1999).  Employers may fire an employee for a good or bad reason,

5

a reason based on erroneous facts, or for no reason at all, as long it is not for a discriminatory reason. *Alvarez v. Royal Atl. Developers, Inc.*, 610 F.3d 1253, 1266 (11th Cir. 2010).

Under the *McDonnell Douglas* framework, a plaintiff may establish a *prima facie* case of discrimination by demonstrating that: (1) he is a member of a protected class; (2) he was subjected to an adverse employment action; (3) his employer treated similarly-situated employees outside of his class more favorably; and (4) he was qualified for the job. *See Burke-Fowler v. Orange Cnty*., *Fla.*, 447 F.3d 1319, 1323 (11th Cir. 2006). "When a claim alleges discriminatory discipline, to determine whether employees are similarly situated, we evaluate whether the employees are involved in or accused of the same or similar conduct and are disciplined in different ways." *Id.* (quotations omitted).

A plaintiff can also create a triable issue of fact concerning an employer's discriminatory intent by presenting "a convincing mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination by the decisionmaker." *Smith*, 644 F.3d at 1328; *see also Alvarez,* 610 F.3d at 1264 (stating that the circumstantial evidence necessary to present a Title VII case of discrimination under *McDonnell Douglas* is "flexible and depend[s] on the particular situation" (citations omitted)).

6

The district court did not err in determining that Clemons failed to present evidence that Delta treated similarly-situated employees outside of his class more favorably.  Clemons's actions related to the purse were not similar to other employees who were not terminated.  *Burke-Fowler*, 447 F.3d at 1323.  Additionally, Clemons did not provide a convincing mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination.  Finally, assuming, *arguendo*, that Clemons established a *prima facie* case for gender discrimination under Title VII, the district court did not err in determining that he failed to show that Delta's proffered reason for his termination was a pretext for gender discrimination, because he failed to follow the proper protocol regarding the purse, and because he failed to adduce evidence creating a genuine issue of fact challenging Delta's evidence that Davison had a good faith belief that Clemons was responsible for the missing money.  Accordingly, we affirm in this respect.

## III.

Also under the *McDonnell Douglas* framework, a plaintiff alleging retaliation may first establish a *prima facie* case by showing that: (1) he engaged in a statutorily protected activity; (2) he suffered a materially adverse action; and (3) he established a causal link between the protected activity and the adverse action.  *Raney v. Vinson Guard Serv.*, 120 F.3d 1192, 1196 (11th Cir. 1997); *see also Bryant v. Jones*, 575 F.3d 1281, 1307-08 (11th Cir. 2009).  Title VII

7

retaliation claims require that "[the] protected activity was a but-for cause of the alleged adverse action by the employer." *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. ___, ___, 133 S.Ct. 2517, 2534 (2013).

To establish a causal connection, the plaintiff must show that the decisionmaker was aware of his protected conduct, and that the protected activity and adverse action were not wholly unrelated. *Kidd v. Mando Am. Corp.*, 731 F.3d 1196, 1211 (11th Cir. 2013). We have indicated, however, that a plaintiff may also show causation between the protected expression and an adverse action if they are in "close temporal proximity." *Higdon v. Jackson*, 393 F.3d 1211, 1220 (11th Cir. 2004). A time period as much as one month between the protected activity and the adverse action is not too protracted to support causation. *Wideman v. Wal-mart Stores, Inc.*, 141 F.3d 1453, 1457 (11th Cir. 1998). However, in the absence of any other evidence, we have also found three months between the protected activity and an adverse employment action to have been insufficient to establish causation. *Drago v. Jenne*, 453 F.3d 1301, 1308 (11th Cir. 2006); *see also Wascura v. City of South Miami*, 257 F.3d 1238, 1248 (11th Cir. 2001) (holding that, by itself, three and one-half months between protected activity and adverse action was insufficient to prove causation).

The district court correctly determined that Clemons failed to create a genuine issue of material fact as to causation with regard to his retaliation claim.

First, approximately four months passed between Clemons's complaints about gender discrimination and his termination.  Second, no evidence showed that anyone involved in his termination was aware of his alleged past complaints regarding gender or the EEOC complaint.  The district court committed no error in its decision.

**AFFIRMED.**