**THIRD DIVISION**
**MILLER, P. J.,**
**MCFADDEN and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**August 31, 2016**

# In the Court of Appeals of Georgia

A16A1018. CLEMONS v. DELTA AIRLINES, INC.

MILLER, Presiding Judge.

Carlos Clemons was fired from his job as a Delta Airlines Customer Service Agent after allegedly mishandling a customer's lost purse and the money it contained. Clemons filed a pro se complaint in the Superior Court of Fulton County, naming Delta Airlines ("Delta"), its CEO, and various Delta employees involved in investigating the claim and terminating his employment. The trial court dismissed the individual defendants, and later granted Delta's motion to dismiss the complaint on the ground of res judicata, as well as the alternate grounds of statute of limitations and for failure to state a claim. Clemons now appeals, arguing that the trial court erred

by dismissing the complaint.[1] Clemons also argues that the trial court erred by denying his motion to recuse. Although we conclude that res judicata was not a proper basis on which to dismiss the complaint, we agree with the trial court's alternate conclusions that some of Clemons's claims were barred by the statute of limitations and the remaining claims failed to state a claim for relief. Accordingly, we affirm.

We review a trial court's decision to grant or deny a motion to dismiss de novo. *Chandler v. Opensided MRI of Atlanta*, 299 Ga. App. 145 (682 SE2d 165) (2009). In deciding a motion to dismiss, all pleadings are to be construed most favorably to the party who filed them, and all doubts regarding such pleadings must be resolved in the filing party's favor. (Citation omitted.) *Austin v. Clark*, 294 Ga. 773, 774-775 (755 SE2d 796) (2014).

So viewed, the evidence shows that Clemons was employed with Delta for over ten years until 2011, when he was terminated as the result of an investigation into allegations – which Clemons denies – that he mishandled a passenger's lost purse,

___

[1] On appeal, Clemons does not challenge the trial court's dismissal of all claims against the individual defendants, the denial of his request for attorney fees, or his claims for an injunction. Thus, he has abandoned these issues. *Headrick v. Stonepark of Dunwoody Unit Owners Ass'n., Inc.,* 331 Ga. App. 772, 780 (5) (771 SE2d 382) (2015).

removed money from the purse, and lied about his actions. In 2013, Clemons, represented by counsel, filed suit in federal court, alleging gender discrimination and retaliation in connection with his termination.[2] The district court in that case granted Delta's motion for summary judgment, and Clemons filed an appeal. See *Clemons v. Delta Airlines, Inc.*, 625 F. App'x 941, 942-943 (11th Cir. 2015).

In March 2015, while the federal case was pending on appeal, Clemons filed the instant action in Fulton Superior Court, alleging defamation, fraudulent misrepresentation, negligent misrepresentation, fraudulent concealment, negligent retention, false promise, intentional infliction of emotional distress ("IIED"), and tortious interference with a contract relationship. Clemons also requested injunctive relief and attorney's fees. Delta moved to dismiss the instant case, alleging that it failed to state a claim and was barred by the applicable statutes of limitations.

In September 2015, the Eleventh Circuit Court of Appeals affirmed the district court's order in an unpublished opinion. *Clemons*, supra, 625 F. App'x at 943. Thereafter, Delta filed a supplemental brief in support of its motion to dismiss, arguing that Clemons's claims were barred by res judicata in light of the Eleventh Circuit's opinion. Attached to the supplemental motion was a copy of the Eleventh

---

[2] Clemons did not raise any of his state law claims in his federal action.

3

Circuit's opinion. At a hearing on Delta's motion to dismiss less than 30 days after Delta filed its supplemental brief, the trial court dismissed Clemons's complaint on res judicata grounds. The trial court further concluded that the complaint was subject to dismissal as time-barred and for failure to state a claim.

1. Clemons argues that the trial court should not have dismissed his complaint because his claims were not barred by res judicata. We agree that this was not an appropriate ground for dismissal.

Under OCGA § 9-12-40, "[a] judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside."

The doctrine applies to any matter that was or "could have been" litigated in the prior case, and applies to new factual allegations and new defendants. *Neely v. City of Riverdale*, 298 Ga. App. 884, 886-887 (2) (681 SE2d 677) (2009). Moreover, state law claims will also be barred if they "could have been litigated in the federal court under its pendent jurisdiction." Id.

4

Here, the trial court did not have a copy of the Eleventh Circuit's decision when Delta filed its original motion to dismiss,[3] and in fact did not have it until Delta filed a supplemental brief attaching a copy of the appellate decision, which was less than a month before the trial court dismissed the complaint. By considering evidence submitted after the initial motion to dismiss was filed, the trial court impermissibly converted the motion to dismiss into one for summary judgment without giving Clemons any notice. *Garner v. US Bank National Assn*, 329 Ga. App. 86, 88-90 (763 SE2d 748) (2014) (physical precedent only). As a result, we will not affirm the motion to dismiss on this ground.

2. Clemons also argues that the trial court should not have dismissed his complaint on the alternate grounds that some of his claims were barred by the statute of limitations and the remaining allegations failed to state a claim for relief.[4] After a

---

[3] We note that, at the time Delta filed its initial motion to dismiss, Clemons's federal action remained pending on appeal. Under Georgia law, the federal district court's decision was not "final" for purposes of res judicata until the conclusion of the appeal. See *CS-Lakeview at Gwinnett, Inc. v. Retail Dev. Partners et al.*, 268 Ga. App. 480, 483 (2) (602 SE2d 140) (2004).

[4] In his appellate brief, Clemons also argues the merits of his fraud claims and argues that his federal due process rights have been violated.

thorough review of the complaint, we conclude that the trial court properly dismissed Clemons's state-law claims on these grounds.

As our Supreme Court has explained,

a motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim. If, within the framework of the complaint, evidence may be introduced which will sustain a grant of relief to the plaintiff, the complaint is sufficient.

(Citation and punctuation omitted.) *Austin*, supra, 294 Ga. at 775. Clemons raised ten counts in his complaint: defamation, fraudulent misrepresentation, negligent misrepresentation, fraudulent concealment, negligent retention, false promise, IIED, and tortious interference with a contract relationship.

(a) As the trial court correctly found, Clemons's claims for defamation, IIED, and negligent retention are barred by the applicable statute of limitations. See OCGA § 9-3-33 (one year for defamation and two years for negligent retention and IIED). Clemons was terminated in May 2011, and he filed his state-law complaint nearly four years later, on March 30, 2015. Moreover, Clemons's claim that the statute of limitations was tolled due to the defendants' fraudulent concealment is

without merit. Clemons knew of the alleged fraudulent conduct no later than the day he filed his federal action, and yet he still waited more than two years from that time to file his state-law complaint. Accordingly, we affirm the trial court's dismissal of these claims as barred by the statute of limitations.

(b) Additionally, the trial court properly dismissed Clemons's claim for fraudulent misrepresentation because Clemons failed to state a claim for this cause of action.

To state a claim for fraudulent misrepresentation, Clemons must establish that (1) Delta made false representations; (2) Delta knew the representations were false at the time (scienter); (3) Delta made the representations intending to deceive Clemons and induce him to perform the work; (4) Clemons justifiably relied upon such representations; and (5) Delta's misrepresentations resulted in damages. *Grand Master Contracting, LLC. v. Lincoln Apartment Mgmt. Ltd. P'ship*, 314 Ga. App. 449, 451 (2) (724 SE2d 456) (2012). Clemons does not allege how he was induced to rely on any of Delta's statements, what the alleged statements were supposed to induce him to do, or how he justifiably relied on any statements to his detriment. Moreover, an at-will employee has no cause of action for an oral promise or

fraudulent misrepresentation in connection with his termination. *Balmer v. Elan Corp*, 261 Ga. App. 543, 544-545 (1) (c) (583 SE2d 131) (2003).

(c) Clemons's remaining claims for tortious interference, negligent misrepresentation, and fraudulent concealment are not properly before us on appeal because these claims arise from allegations against the individual defendants. As noted above, Clemons did not appeal from the dismissal of the individual defendants, he does not enumerate as error the trial court's dismissal of the individual defendants, and he makes no argument on appeal that dismissal of the individual defendants was improper. Additionally, the only order he identified in his notice of appeal was the order dismissing his claims against Delta. Cf. *Roberts v. Windsor Credit Svcs.*, 301 Ga. App. 393, 394-395 (1) (687 SE2d 647) (2009) (concluding that court could consider all rulings by the trial court *unless* not enumerated as error); *Headrick v. Stonepark of Dunwoody Unit Owners Assn., Inc.,* 331 Ga. App. 772, 780 (5) (771 SE2d 382) (2015) (issues not argued on appeal are deemed abandoned). Thus, we do not address the claims against the individual defendants.

3. Clemons argues that the trial judge erred by failing to recuse himself because the judge's former law firm has a business relationship with Delta. Although he sets out the law for recusal, Clemons makes no argument as to why the trial court judge

here abused his discretion in failing to recuse. Thus, we need not address it. *Headrick,*
supra, 331 Ga. App. at 780 (5); Court of Appeals Rule 25 (c).

4. Finally, to the extent that Clemons raises issues of due process and
constitutional violations, his arguments fail. Clemons did not raise such issues before
the trial court, and we will not address them for the first time on appeal. *Sherman v.*
*Dev. Auth. of Fulton Co.*, 320 Ga. App. 689, 695-696 (4) (740 SE2d 663) (2013)
("The law in Georgia is that because the appellate courts are for correction of errors
of law, issues which have not been ruled on by the trial court may not be raised on
appeal.") (citation and punctuation omitted).

Accordingly, we affirm the dismissal of Clemons's complaint

*Judgment affirmed. McFadden, J., concurs. McMillian, J., concurs in judgment*
*only.*