A89A0319, A89A0320. HUTCHISON et al. v. NATIONAL SERVICES INDUSTRIES, INC. et al.; and vice versa.
(383 SE2d 212)

BANKE, Presiding Judge.

The appellants, Welber and Marylin Hutchison, filed the present action against Philip Banks, Steven Banks, and National Service Industries, Inc., d/b/a North Brothers Insulation (NSI), seeking to recover for personal injuries allegedly sustained by Mr. Hutchison in a collision involving a NSI vehicle being driven by Steven Banks. Steven Banks did not answer, and as to him the action is in default. NSI and Philip Banks did file an answer and also moved for summary judgment on various grounds. On February 12, 1988, the trial court granted a partial summary judgment to these defendants with respect to certain issues; and thereafter, in an order entered on February 23, 1988, the court granted partial summary judgment to NSI on an additional issue. The appellants filed a notice of appeal from the latter ruling on March 23, 1988, and on March 25, 1988 (which was more than 30 days following the entry of the second summary judgment order), the appellees filed a cross-appeal. The appellees have moved this court to dismiss those portions of the main appeal dealing with the order entered on February 12, 1988, on the ground that the appel-

lants did not file a timely notice of appeal from that order. *Held*:

1. The appellees' contention that we are without jurisdiction to consider the appellants' first four enumerations of error, dealing with the February 12 order, is meritorious. Although not required to do so, a losing party has the right under OCGA § 9-11-56 (h) to bring a direct appeal from an order granting summary judgment on any issue, even though other issues may remain for adjudication. See *Culwell v. Lomas & Nettleton Co.*, 242 Ga. 242, 243 (248 SE2d 641) (1978); *Olympic Dev. Group v. American Druggists' Ins. Co.*, 175 Ga. App. 425 (1) (333 SE2d 622) (1985). In the *Olympic Dev.* case, supra, this court held that where the appellants had failed to bring a timely appeal from a grant of partial summary judgment, they could not obtain appellate review of that ruling in an appeal from a subsequent grant of partial summary judgment, where the latter order did not constitute a final judgment in the case. We recognize that this holding creates an exception to the general rule that once a case is on appeal, all rulings theretofore made by the trial court are subject to review. See OCGA § 5-6-34 (d); *Southeast Ceramics v. Klem*, 246 Ga. 294 (1) (271 SE2d 199) (1980). Such an exception is, however, appropriate in that a grant of partial summary judgment, unlike most other non-final orders, is immediately appealable as a matter of right, with the result that a party who chooses not to bring a direct appeal from such an order may reasonably be deemed to have made an election to wait until a final judgment has been entered in the case to challenge the ruling. We note that the holding in the *Olympic Dev.* case is consistent with the language of OCGA § 5-6-34 (d), which applies by its terms only to appeals taken pursuant to OCGA § 5-6-34 (a) (b) or (c) and not to appeals taken pursuant to OCGA § 9-11-56 (h). We accordingly hold that the appellants' enumerations of error dealing with the February 12 grant of partial summary judgment to the appellees present nothing for review.

2. Pursuant to Rule 15 (c) (2) of this court, the appellants' final enumeration of error, referencing the February 23 order, is deemed abandoned due to their failure to support it with argument or citation of authority. See *Brown v. Diaz*, 184 Ga. App. 409 (361 SE2d 490) (1987).

3. While abandonment of an enumeration of error is not normally ground for dismissal of the appeal, we hold that it is ground for the dismissal of the present appeal, inasmuch as it is apparent under the circumstances that the abandoned enumeration of error was used solely as a vehicle for obtaining appellate review of an order which is not presently subject to such review. The main appeal is consequently dismissed in its entirety; and, there being no independent jurisdictional basis for the cross-appeal, it follows that it must also be dismissed. See *Ewing Holding Corp. v. Egan-Stanley Investments*, 154

Ga. App. 493, 497 (268 SE2d 733) (1980).
*Appeals dismissed. Sognier and Pope, JJ., concur.*

DECIDED JUNE 13, 1989.

*Bennett, Williams & Henry, Michael T. Bennett,* for appellants.
*McClain & Merritt, Albert J. Decusati, M. David Merritt, Drew, Eckl & Farnham, Steven D. Barnhart, Long, Weinberg, Ansley & Wheeler, James S. Strawinski,* for appellees.

