A90A0661. VERNON BOWDISH BUILDER, INC. v. SPALDING LAKE HOMEOWNERS' ASSOCIATION, INC.
(396 SE2d 24)

POPE, Judge.

Plaintiff Vernon Bowdish Builder, Inc., purchased lots in a residential subdivision on which it built speculative houses for sale. The

plat to the subdivision showed a "lake" or "retention pond" on the property. Alleging, inter alia, that the lake was never properly constructed and once it was dedicated to the homeowners' association it was never properly maintained, plaintiff brought suit against the developer, an architectural firm hired by the developer and defendant Spalding Lake Homeowners' Association, Inc. Summary judgment was granted to all three defendants and plaintiff appeals only the judgment in favor of the homeowners' association.

Although plaintiff, appearing pro se by its president, as the representative of plaintiff corporation, sets forth several enumerations of error, the sole issue on appeal is whether defendant breached any duty, in contract or in tort, owed to the plaintiff. Plaintiff's president admitted on deposition that the duty allegedly owed by defendant arose from its duty to maintain the common areas of the development as set forth in the declaration of covenants filed by the developer of the subdivision. The record reflects that after the lake was dedicated to the homeowners' association the board of directors of the association expended funds and took certain actions to maintain and improve the lake. The record reflects that the essence of plaintiff's complaint against the homeowners' association is that it did not take what its president believes were the necessary steps to maintain the lake at a water level which the president believes to be minimally acceptable.

The controversy concerns a difference between the judgment and actions taken by the board of directors of the homeowners' association and the judgment of plaintiff's president, who was at all times relevant to this lawsuit a member of the homeowners' association. The decision of the majority of directors of a corporation is not actionable unless the facts show: "1. Some action or threatened action of the directors beyond the charter powers; or 2. Such a fraudulent transaction; . . . or, 3. That a majority of the officers and directors are acting in their own interest in a manner destructive of the [corporation], or of the rights of the other stockholders[.]" *Regenstein v. J. Regenstein Co.*, 213 Ga. 157, 158 (97 SE2d 693) (1957). Plaintiff's complaint does not allege any act or omission by the homeowners' association which would be actionable. At most, plaintiff's complaint alleges and the evidence presented by plaintiff shows merely that the homeowners' association acted negligently. "No principle of law is more firmly fixed in our jurisprudence than the one which declares that the courts will not interfere in matters involving merely the judgment of the majority in exercising control over corporate affairs." (Citation and punctuation omitted.) Id. at 159. Summary judgment is appropriate where, as here, the record reflects no genuine issue of material fact exists. *Fort v. Boone*, 166 Ga. App. 290 (304 SE2d 465) (1983).

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED JUNE 26, 1990 —
REHEARING DENIED JULY 13, 1990 — CERT. APPLIED FOR.

Vernon Bowdish, *pro se.*
Long, Weinberg, Ansley & Wheeler, Palmer H. Ansley, Joseph B. Atkins, for appellee.