**SECOND DIVISION
BARNES, P. J.,
MILLER and RAY, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**March 27, 2014**

# In the Court of Appeals of Georgia

### A13A1827. THUNDERBOLT HARBOUR PHASE II CONDOMINIUM ASSOCIATION, INC. v. RYAN

MILLER, Judge.

This construction defects case arises out of the construction of Thunderbolt Harbour Condominium Phase II ("Phase II"), a building comprised of seven adjoining residential waterfront condominium units. The homeowners' association for Phase II, Thunderbolt Harbour Phase II Condominium Association, Inc. ("Phase II HOA"), sued Michael R. Ryan, in his capacity as the officer and director of Phase II HOA, for breach of fiduciary duty for failing to adequately inspect and repair construction defects, maintain adequate insurance coverage, and maintain the building.[1] Following

---

[1] Phase II HOA asserted other claims against Ryan and also sued the developer/general contractor of Phase II, Ryan Builders, and other individuals involved in the construction of Phase II. Ryan Builders filed a third-party complaint, as amended, against several sub-contractors. Pursuant to the parties' joint stipulation,

a hearing, the trial court granted Ryan's motion for summary judgment on the grounds that Georgia law did not recognize a fiduciary duty to turn over common areas of Phase II in good repair. Phase II HOA appeals from that ruling, contending that the trial court erred in concluding that Georgia law does not recognize a breach of fiduciary duty claim against the sole officer and director of a homeowners' association. For the reasons that follow, we reverse.

On appeal from the grant or denial of a motion for summary judgment, we conduct a de novo review of the law and evidence, viewing the evidence in the light most favorable to the nonmovant, to determine whether a genuine issue of material fact exists and whether the moving party was entitled to judgment as a matter of law. *Holbrook v. Stansell*, 254 Ga. App. 553, 553-554 (562 SE2d 731) (2002).

So viewed, the evidence shows that in February 2000, Brunson and Bonner, LLC executed a condominium declaration for Thunderbolt Harbour Condominium (the "Declaration") and it became the developer. The Declaration contemplated the construction of 36 units in four buildings and reserved the option to expand the condominium complex by adding up to seven units on a portion of the subject

the trial court dismissed the claims against all defendants and all claims against Ryan, individually, with the exception of claims against him in his capacity as the officer and director of Phase II HOA. Consequently, only claims against Ryan remain.

2

property. After the original 36 units were at or near completion, Brunson and Bonner elected to exercise its right to expand the condominium complex, and thereafter, transferred its interest in the expansion property, now known as Phase II, along with the right to build Phase II, to Ryan Builders. Ryan Builders served as the developer and general contractor for Phase II, which was constructed between 2001 and 2003.

By the fall of 2003, Ryan Builders completed construction of Phase II. Ryan Builders then filed Articles of Incorporation with the Georgia Secretary of State to form Phase II HOA. Thereafter, on December 5, 2003, the Declaration was amended to provide that Phase II HOA would administer the expansion units of Phase II. That same day, Ryan Builders conveyed the common areas of Phase II, including such things as the building's roof and exterior cladding, to the Phase II HOA.

Between December 2003 and June 2005, Ryan Builders sold all seven of the Phase II units to third-party purchasers, who automatically became members of the Phase II HOA. During that time, Ryan served as the sole officer and director of Phase II HOA. Ryan maintained a package policy of general commercial liability and property insurance for Phase II. He also assessed HOA fees to the condominium owners and deposited those fees into the Phase II HOA back account that he

3

controlled. In July 2006, Ryan transferred control of the Phase II HOA bank account to Phase II HOA.

Between July 2006 and March 2010, there was no further communication between Ryan and Phase II HOA. In March 2010, counsel for Phase II HOA sent a letter to Ryan regarding construction defects at Phase II. After the parties could not come to a resolution, Phase II HOA filed suit against Ryan, alleging that he breached a fiduciary duty as Phase II HOA's sole officer and director by failing to inspect, maintain, repair, and sue subcontractors for construction defects. The trial court found that Ryan had no fiduciary duty to turn over the common areas in good repair, and therefore granted his motion for summary judgment. Phase II HOA appeals from the trial court's grant of summary judgment to Ryan.

1. On appeal, Phase II HOA contends that the trial court erred in concluding that Georgia law does not recognize a breach of fiduciary duty claim against the sole officer and director of a homeowners' association. We agree.

A fiduciary or confidential relationship arises

where one party is so situated as to exercise a controlling influence over the will, conduct, and interest of another or where, from a similar relationship of mutual confidence, the law requires the utmost good faith, such as the relationship between partners, principal and agent, etc.

4

OCGA § 23-2-58. A fiduciary or confidential relationship may be created by law, contract, or the facts of a particular case. See, e.g., *Cochran v. Murrah*, 235 Ga. 304, 306 (219 SE2d 421) (1975); *Wright v. Apartment Investment and Mgmt. Co.*, 315 Ga. App. 587, 592 (2) (a) (726 SE2d 779) (2012). Generally, the existence of a confidential or fiduciary relationship is a factual matter for the jury to resolve. *Wright*, supra, 315 Ga. App. at 592 (2) (a). Moreover,

> [a] corporate officer or director owes to the corporation and its stockholders a fiduciary or quasi-fiduciary duty, which requires that they act in utmost good faith. Directors and officers in the management and use of corporate property in which they act as fiduciaries and are trustees are charged with serving the interests of the corporation as well as the stockholders.

(Citation and punctuation omitted.) *Enchanted Valley RV Resort, Ltd. v. Weese*, 241 Ga. App. 415, 423 (5) (526 SE2d 124) (1999).

In this case, Phase II HOA alleged construction defects to Phase II HOA property, including defects in the building's roof and exterior cladding. The evidence showed that Ryan was the sole officer and director of Phase II HOA from its inception until July 2006, when he handed over control of the Phase II HOA bank account. Consequently, a jury could find that "[i]t fell within [Ryan's] fiduciary duties as a corporate officer to protect corporate property." (Citation and punctuation

5

omitted.) *Clarence L. Martin, P.C. v. Chatham County Tax Commr.*, 258 Ga. App. 349, 351 (574 SE2d 407) (2002).

Moreover, since Ryan was given the authority to act on behalf of Phase II HOA, such as selecting insurance coverage for the association and imposing HOA fees, a jury could find that Ryan acted as an agent for Phase II HOA. See OCGA § 10-6-1 ("The relation of principal and agent arises wherever one person, expressly or by implication, authorizes another to act for him[.]"). "Where an agency relationship exists, the agent has a fiduciary relationship to his principal." (Citation omitted.) *Wright*, supra, 315 Ga. App. at 592 (2) (a). Under these circumstances, the trial court erred in concluding that Phase II HOA had no cognizable claim for breach of fiduciary duty.[2] See *Bailey v. Stonecrest Condominium Assn.*, 304 Ga. App. 484, 494 (3) (696 SE2d 462) (2010) (recognizing a claim for breach of fiduciary duty against the board of directors of a condominium association).

2. Ryan contends that we should nevertheless affirm the trial court's ruling under the "right for any reason" rule, because the facts fail to show that he breached

_____

[2] In finding that Ryan had no fiduciary duty, the trial court relied upon an unpublished and unreported decision issued by the U. S. District Court for the Northern District of Georgia in *St. Claire Townhome Assn., Inc, v. D.R. Horton, Inc.*, Civil Action File No. 1:07CV2712 (Apr. 15, 2009). The decision in *St. Claire*, however, has no precedential value.

6

any fiduciary duty and because Phase II HOA's claim is barred by the statute of limitations. We decline to do so.

(a) "[A] grant of summary judgment must be affirmed if it is right for any reason, whether stated or unstated in the trial court's order, *so long as the movant raised the issue in the trial court and the nonmovant had a fair opportunity to respond.*" (Citations and punctuation omitted; emphasis in original.) *Georgia-Pacific, LLC v. Fields*, 293 Ga. 499, 504 (2) (748 SE2d 407) (2013). In his motion for summary judgment, Ryan argued only that Georgia law did not recognize the breach-of-fiduciary-duty claim raised by Phase II HOA, it lacked standing to raise the claim, and the claim was barred by the statute of limitations. Ryan did not, however, raise the issue that Phase II HOA failed to establish the elements of a breach-of-fiduciary-duty claim. Since Ryan did not present this issue in his motion for summary judgment, application of the "right for any reason" rule is not appropriate. See id.

(b) Ryan also argues that he was entitled to summary judgment because OCGA § 9-3-30 required that Phase II HOA file the lawsuit within four years after the right of action accrued. The trial court ruled adversely to Ryan on this issue, and he did not file a cross-appeal challenging that adverse ruling. See *Ga. Society of Plastic Surgeons v. Anderson*, 257 Ga. 710, 711 (1) (363 SE2d 140) (1987) ("The general

7

rule is that an appellee must file a cross-appeal to preserve enumerations of error concerning adverse rulings. OCGA § 5-6-38[.]") (citation omitted); *Truelove v. Buckley*, 318 Ga. App. 207, 212 (2) (733 SE2d 499) (2012). Although appellate courts *may* consider a trial court's ruling that becomes material to an enumeration of error urged by an appellant without the necessity of a cross-appeal, see *Ga. Society of Plastic Surgeons*, supra, 257 Ga. at 711 (1), Ryan's statute-of-limitations argument was not material to an enumeration of error argued by Phase II HOA. As a result, we will not consider Ryan's argument without the required cross-appeal.

Therefore, we reverse the trial court's grant of summary judgment to Ryan.

*Judgment reversed. Barnes, P. J., concurs. Ray, J., concurs in the judgment only.*