**THIRD DIVISION**
**BARNES, P. J.,**
**BOGGS and BRANCH, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**March 30, 2015**

# In the Court of Appeals of Georgia

A14A1711. HEADRICK et al v. STONEPARK OF DUNWOODY
UNIT OWNERS ASSOCIATION, INC. et al.

BRANCH, Judge.

Individual property owners appeal the grant of summary judgment in favor of the defendants in this suit arising out of structural problems at a condominium complex. As explained below, this court does not have jurisdiction over one of appellants' enumerations of error, and therefore it must be dismissed. With one exception, the remaining enumerations of error are without merit or have been abandoned. We therefore grant in part Stonepark's motion to dismiss the appeal and affirm in part and reverse in part the trial court's decision.

This suit arises out of the fact that portions of a condominium complex were constructed on top of a waste pit and that as a consequence, one or more buildings have settled causing damage to the buildings. As the appellees readily admit:

> There is no dispute that significant subsurface soil problems exist under at least a portion of the Stonepark development that have caused more than one building to settle. There is no dispute that some of the buildings in Stonepark were constructed over a "Debris Pit" resulting from when, in the 1980's, the developer of Stonepark apparently left felled trees in place and covered them with fill dirt. There is no dispute that this has caused soil subsidence over time as the organic material deteriorated and caused foundation settlement in the 1300 and 1400 Buildings where the foundation pile system did not extend below the Debris Pit to rock. There is no dispute that the Debris Pit has caused the Association significant expense and that all members of the Association, including the parties have had to pay additional assessments to finance the work needed to stabilize building foundations and make other repairs in the development.

In March 2012, in the Superior Court of Fulton County, appellant condominium owners (hereinafter "Headrick" or "appellants") filed suit against Stonepark of Dunwoody Unit Owners Association, Inc. and the individual members of its board of directors (the "Board Members"). The suit is *not* one against a seller

for failure to disclose known defects with the property.[1] Rather, Headrick and the other appellants allege that although many repairs have been made, the appellants are entitled to damages and certain injunctive relief because the appellees falsely represented that the repairs would permanently correct the problems; wilfully misrepresented the nature and extent of the problems; failed to maintain the property; failed to produce documents regarding the problems and their resolution; conducted improper meetings of the board regarding the problems; violated association bylaws by, among other things, conducting closed meetings; and failed in other ways from acting properly vis-a-vis the appellants regarding resolution of the ongoing structural problems.

After the complaint was filed, the Board Members answered and moved for judgment on the pleadings and to dismiss the complaint.[2] Stonepark, too, answered, and it counterclaimed and moved to dismiss certain counts of the complaint. On

---

[1] At least one of the appellants — Headrick himself — has filed such a suit against the person from whom he purchased a unit and the property management company.

[2] The Board Members' motion mistakenly named the property management association in the title as the movant; the remainder of the motion shows that it was made by the Board Members, and the trial court subsequently granted a motion to correct the misnomer.

February 6, 2013, the court denied the Board Members' motion for judgment on the pleadings but granted their motion to dismiss claims for declaratory or injunctive relief; the court also granted in part and denied in part Stonepark's motion to dismiss.

The Board Members thereafter sought reconsideration of the February 6 order, including the trial court's decision not to treat their motion to dismiss as a motion for summary judgment due to the trial court's consideration of materials presented by appellants which were outside of the pleadings. On June 17, 2013, the trial court granted the Board Members' motion to reconsider the denial of their judgment on the pleadings and treated the motion as one for summary judgment. The court held that when the Board Members' motion was converted into a motion for summary judgment, the Board Members were entitled to judgment as a matter of law because the appellants failed to produce any evidence whatsoever, thus resolving all of the claims against the Board Members. Although the June 17, 2013 order of the trial court was directly appealable under OCGA § 9-11-56 (h) ("An order granting summary judgment on any issue or as to any party shall be subject to review by appeal."), Headrick did not appeal the June 17 order.

In the meantime, Stonepark moved for summary judgment on all remaining claims against it. On October 10, 2013, the trial court granted the motion in full.

4

Stonepark's counterclaims, however, remain pending below, and therefore the October 10 order is not a final order. Headrick timely filed a notice of appeal, as authorized by OCGA § 9-11-56 (h), following the October 10 summary judgment order.

1. The appellees have moved to dismiss those portions of the appeal that challenge the February 6 and June 17, 2013 orders on the ground that we do not have jurisdiction.

(a) To the extent Headrick is appealing the February 6, 2013 order, we have jurisdiction because of his timely direct appeal of the trial court's October 10 order pursuant to OCGA § 9-11-56 (h). The general rule is that "when a direct appeal is taken, any other judgments, rulings or orders rendered in the case and which may affect the proceedings below may be raised on appeal and reviewed and determined by the appellate court." *Southeast Ceramics v. Klem*, 246 Ga. 294, 295 (1) (271 SE2d 199) (1980). In *Patterson v. Bristol Timber Co.*, 286 Ga. App. 423 (649 SE2d 795) (2007), the appellant appealed a non-final order granting summary judgment to one defendant and sought review of two earlier interlocutory orders that were not directly appealable. Id. at 425 (1), 426 (2), n. 4. This Court determined that it had jurisdiction over the two interlocutory orders under the general rule quoted above. Id. at 426 (2).

Here, the February 6 order was a non-final ruling on two motions to dismiss and therefore was not directly appealable. See generally *Board of Regents v. Canas*, 295 Ga. App. 505, 506 (1) (672 SE2d 471) (2009) (order denying motion to dismiss a certain claim is not a directly appealable final judgment). The October 10 order, however, was the proper subject of a direct appeal. Accordingly, we have jurisdiction to review the February 6 order to the extent Headrick has challenged any of the holdings therein.

(b) We do not, however, have jurisdiction of the appeal of the June 17, 2013 order. In enumeration of error "B," Headrick challenges the trial court's June 17 order, which was a non-final order granting summary judgment in favor of the Board Members on all claims asserted against them. The order, therefore, was directly appealable under OCGA § 9-11-56 (h), but the appellants chose not to appeal at that time.

This Court has held that where a party has failed to timely appeal from a grant of partial summary judgment, "[that party cannot] obtain appellate review of that ruling in an appeal from a subsequent grant of partial summary judgment, where the latter order [does] not constitute a final judgment in the case." *Hutchison v. Nat. Svc. Indus.*, 191 Ga. App. 885, 886 (1) (383 SE2d 212) (1989) (citations omitted). This

holding is a recognized exception to the general rule that once a case is on appeal, all rulings previously made by the trial court are subject to review. Id. As stated in *Hutchison*,

> Such an exception is . . . appropriate in that a grant of partial summary judgment, unlike most other non-final orders, is immediately appealable as a matter of right, with the result that a party who chooses not to bring a direct appeal from such an order may reasonably be deemed to have made an election to wait until a final judgment has been entered in the case to challenge the ruling.

Id. See also *Jones v. White*, 311 Ga. App. 822, 832-833 (4) (717 SE2d 322) (2011). Although OCGA § 5-6-34 (d) allows this Court to consider all prior orders rendered in the case "without regard to the appealability" of the order standing alone and "without regard to whether the . . . order appealed from was final or was appealable by some other express provision of law," that Code section, by its express terms, applies only when the appeal is taken under subsection (a), (b), or (c) of this Code section, i.e., final judgments, certified interlocutory reviews, and one aspect of death penalty cases. Here, Headrick timely noticed his appeal of the October 10, 2013 order, and his appeal is authorized by OCGA § 9-11-56 (h), not by OCGA § 5-6-34

7

(a), (b) or (c). Accordingly, OCGA § 5-6-34 (d) does not provide us jurisdiction to consider Headrick's appeal of the June 17, 2013 order.

Because Headrick chose not to appeal the June 17, 2013 order at that time, he has elected to wait until a final order is issued in the trial court before appealing that ruling; accordingly, this court does not have jurisdiction of any assertion of error regarding that order and it must be dismissed. See *Hutchinson*, supra; *Jones*, supra. The dismissal resolves all assertions of error pertaining to Headrick's claims against the Board Members.

2. In one of his remaining enumerations of error, Headrick argues that the trial court failed to rule in a timely manner on the appellees' motions to dismiss and failed to convert their motions to dismiss into a motion for summary judgment. These arguments are without merit.

OCGA § 9-11-12 (j) provides that if a party files a motion to dismiss at or before the time of the answer, discovery shall be stayed for 90 days during which time the trial court "shall" decide the motion to dismiss:

> If a party files a motion to dismiss before or at the time of filing an answer and pursuant to the provisions of this Code section, discovery shall be stayed for 90 days after the filing of such motion or until the ruling of the court on such motion, whichever is sooner. The court shall

8

decide the motion to dismiss within the 90 days provided in this paragraph.

OCGA § 9-11-12 (j) (1). Here, the Board Members filed an answer and a motion to dismiss on April 26, 2012; Stonepark filed a motion to dismiss on May 11, 2012, about two weeks after its answer. The trial court did not rule on either motion to dismiss until February 6, 2013, well beyond the 90-time specified in OCGA § 9-11-12 (j). But as the appellees point out, it is well established that even though a statute imposing a time limitation uses the word "shall," if the statute does not provide for any sanction or negative consequence for a failure of the trial court to rule within that time period, the limitation is to be read as merely directory. *Charles H. Wesley Ed. Foundation v. State Election Bd.*, 282 Ga. 707, 709 (2) (654 SE2d 127) (2007); *Cobb County v. Robertson*, 314 Ga. App. 455, 457 (724 SE2d 478) (2012). Here, OCGA § 9-11-12 does not provide a sanction or consequence for a trial court's failure to meet the 90-day time limitation, and accordingly, there is no reversible error.

Headrick's assertion that the trial court erred by refusing to convert the Board Members' motion to dismiss into a motion for summary judgment is without merit given that the trial court did exactly that on June 17, 2013 when it ruled on the motion to reconsider its earlier ruling.

3. Headrick contends the trial court erred by granting summary judgment[3] to Stonepark on one aspect of Headrick's claim of fraud. Although the trial court appears to have granted summary judgment on all aspects of Headrick's claim of fraud, Stonepark failed to move for summary judgment on a second aspect of Headrick's claim of fraud and therefore summary judgment on that aspect was erroneous.

In paragraphs 17-21 of the complaint, Headrick alleged that although Stonepark has attempted to repair the structural problems in the condominium buildings, it falsely represented *to the current condominium owners* that the repairs would permanently correct the problems even though Stonepark knew that more repairs would be necessary in the future. In paragraphs 37-42, Headrick alleged that Stonepark failed to disclose the nature and extent of the structural problems to *prospective condominium purchasers*. In its motion for summary judgment, Stonepark sought summary judgment only on the claim that it defrauded prospective purchasers, and in the corresponding order, the trial court addressed only that claim,

---

[3] Although one of Headrick's enumerated errors refers to Stonepark's "Partial Motion for Judgment on the Pleadings," in the argument section of the brief, Headrick clearly states that he challenges the trial court's grant of Stonepark's motion for summary judgment.

yet it appears that the trial court granted summary judgment on all aspects of the fraud claim. On appeal, Headrick does not challenge the trial court's ruling on the claim regarding prospective purchasers; rather, Headrick asserts that the trial court erred by granting summary judgment on its claim that Stonepark defrauded the current condominium owners. Stonepark responds that the trial court's ruling should be affirmed because it was right for other reasons.

"A grant of summary judgment must be affirmed if it is right for any reason, whether stated or unstated in the trial court's order, *so long as the movant raised the issue in the trial court and the nonmovant had a fair opportunity to respond.*" *Georgia-Pacific v. Fields*, 293 Ga. 499, 504 (2) (748 SE2d 407) (2013) (citations and punctuation omitted; emphasis in original). Because Stonepark did not move for summary judgment on Headrick's claim that Stonepark defrauded the current condominium owners, application of the right-for-any-reason rule is not appropriate. Id.; see also *Thunderbolt Harbour Phase II Condo. Assn. v. Ryan*, 326 Ga. App. 580, 583 (2) (a) (757 SE2d 189) (2014) (where defendant did not raise alternative argument for summary judgment in trial court, this Court could not use that argument to affirm the trial court's decision as right for any reason) (physical precedent only). Here, because Stonepark never sought summary judgment on Headrick's fraud claim

11

regarding the current condominium owners, the trial court's order must be reversed to the extent that it purports to resolve all of Headrick's claims of fraud.

Stonepark's argument that the appellants abandoned this remaining claim of fraud in their brief filed in response to Stonepark's motion for summary judgment is without merit. A review of the statement made by Headrick in his brief in opposition to summary judgment, upon which Stonepark relies, shows that it was merely an acknowledgment of an earlier trial court ruling, not abandonment of a claim. Thus, Headrick did not abandon this claim.

4. Headrick argues that the trial court erred by granting summary judgment on Count III of the complaint. In Count III, Headrick asserted that Stonepark has a duty to inspect the common areas, determine what maintenance is needed, and effect repairs, but that it has failed to perform these duties, thereby resulting in a decrease in value of the condominiums and allowing dangerous conditions and health hazards to exist. In response to Stonepark's motion for summary judgment on this count, the trial court first concluded that

> based on the court's review of the record, Plaintiffs' complaint is not that [Stonepark] has failed to perform maintenance on the common areas but that Plaintiffs disagree with the methods recommended by

[Stonepark's] engineer to repair the subsurface soil issues at the condominium.

The court then concluded that Stonepark is protected by the business judgment rule, that is, in the words of the trial court, "that courts will not interfere in matters involving merely the judgment of the majority in exercising control over corporate affairs." The trial court further found that Stonepark was authorized to rely on the advice of its engineer in determining what steps to take to remedy the ongoing structural problems. Finally, because the undisputed evidence showed that Stonepark in fact relied upon its engineer, the trial court found that Headrick's complaints about what steps Stonepark used to address the structural problems were not actionable. See, e.g., *Vernon Bowdish Builder v. Spalding Lake Homeowners Assn.*, 196 Ga. App. 370, 371 (396 SE2d 24) (1990) ("controversy concerning a difference between the judgment and actions taken by the board of directors of the homeowners' association and the judgment of plaintiff . . . member of the homeowners' association" was not actionable).

On appeal, Headrick argues that although the trial court's reasoning was sound, the trial court misconstrued the complaint in that the appellants also claim that Stonepark has failed to repair "multiple problems with sink holes, cracks in the

13

sidewalks, stairs pulling away from walls, and other problems that do not require major work," thereby creating dangerous conditions, all in violation of its duty to maintain the common area. But Headrick cites only to photographs of some of these conditions and fails to provide any supporting information that might describe the nature of the problems, when they occurred, what efforts have been taken to address them, or similar information. Most importantly, Headrick has not shown that any of the photographs are not related to the major structural problems that exist at the Stonepark development. Accordingly, Headrick has not shown that the trial court erred.

5. Headrick contends the trial court also erred by granting summary judgment on Counts IV and V of the complaint.[4] In these claims, the appellants asserted that Stonepark breached its duty to the property owners by failing to give notice of and hold meetings in accordance with Stonepark's bylaws and by failing to keep and make available records of the meetings, thereby improperly excluding the appellants from association meetings and preventing them from knowing what transpired at the meetings. The trial court granted summary judgment on both counts. The court held

---

[4] Although Headrick only specifically refers to Count IV, the argument shows that Headrick intends to assert error with regard to Count V as well.

that (1) Stonepark operated in compliance with its bylaws with regard to holding meetings; (2) Stonepark acted within the bylaws and Georgia law when it excluded Headrick, who was a director at the time, from the September 21, 2010 meeting of the board of directors because Headrick had a conflict of interest; (3) Headrick did not show that Stonepark breached a duty with regard to keeping association meeting minutes; and (4) Headrick failed to show that the appellants suffered any damages as a result of the alleged violations.

On appeal, Headrick has not attempted to challenge the trial court's conclusion that these claims fail because the appellants have failed to show any damages. Headrick therefore has abandoned any claimed error on one of the independent grounds that the trial court based its decision. See Court of Appeals Rule 25 (c) (2); *Rolleston v. Estate of Sims*, 253 Ga.App. 182, 188 (8) (558 SE2d 411) (2001) (error deemed abandoned if not supported by citation to legal authority or to the record). It follows that Headrick cannot show that the trial court erred by granting summary judgment on Counts IV and V of the complaint.

6. For the same reasons — lack of argument or citation to authority or the record, Headrick has also abandoned any claim that the trial court erred by granting

summary judgment on the remaining claims addressed by the trial court in the October 10, 2013 order.

*Judgment affirmed in part, reversed in part and dismissed in part. Barnes, P. J., and Boggs, J., concur.*

16